IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 19-10131-JWB

DANNY DEL REAL,

    Defendant.

## **MEMORANDUM AND ORDER**

This case comes before the court on the government's motion to revoke the magistrate's order of release. (Doc. 20.) The court held an evidentiary hearing on November 6, 2019. The government's motion is GRANTED and Magistrate Judge Gale's order granting bond is REVOKED for the reasons herein.

**I.    Procedural History**

On September 4, 2019, Defendant was indicted pursuant to 21 U.S.C. § 841. A superseding indictment was returned on October 9, 2019. The superseding indictment as to Defendant includes seven counts of distribution of methamphetamine.

On October 2, Defendant appeared before Magistrate Judge Gale for a detention hearing. After hearing the proffers from the government and Defendant, Magistrate Judge Gale denied the government's motion for detention and entered an order setting conditions of release. (Doc.18.) The government appealed the release order. (Doc. 20.) This court held an evidentiary hearing on November 6. The government presented testimony from DEA Special Agent Jacob Seibel. Defendant declined to testify or call witnesses at the hearing. Defendant did offer affidavits from his parents and wife in support of his release.

1

## II. Legal Standard

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

2

> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with either an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801, et seq. *See* 18 U.S.C. § 3142(e); *see also United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community").

"A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp.2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges Defendant with offenses which carry a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act, and thus raises the rebuttable presumptions of risk of flight and danger to the community. *Id.*

The burden of production on Defendant to overcome the presumption is not a heavy one, but defendant must produce some evidence. *Stricklin*, 932 F.2d at 1354-55. Even if defendant overcomes the presumption, the presumption remains a factor in the Court's detention decision. *Id.* The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety

of other persons and the community. *United States v. Lutz*, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id.* at 1252.

**III.     Analysis**

**A. Nature and Circumstances of the Offense**

The charged drug counts have a maximum term of ten years or more, thereby triggering the rebuttable presumption for detention. This factor favors detention.

**B. Weight of the Evidence**

During the hearing, Agent Seibel testified regarding the counts charged in the superseding indictment. The investigation regarding Defendant initiated in September 2018 after a search warrant was conducted at an unknown residence. An unknown individual was arrested and later offered information regarding his source of drugs. This individual began working as a confidential source with the agencies involved, Dodge City, Kansas Bureau of Investigation, and Ford County. The confidential source made seven different controlled purchases of methamphetamine from Defendant. The seven purchases were for large purchases of methamphetamine. On three occasions, the controlled purchases occurred at Defendant's home in Dodge City, Kansas. On November 19, 2018, the confidential source purchased approximately one pound of methamphetamine from Defendant at his home. At that time, the confidential source also saw cocaine and marijuana in Defendant's home. On two occasions, the purchases were drop purchases in which Defendant instructed the confidential source to pick up the methamphetamine at a certain location. All seven purchases were recorded on either video or audio surveillance.

The court finds that the testimony offered at the hearing is sufficient to show that there is substantial evidence of Defendant's involvement in methamphetamine distribution. This factor therefore favors detention.

**C. History and Characteristics of Defendant**

Defendant is married to Monica and they have one son who is two years old and a daughter who is twelve years old. Defendant has lived in Kansas his entire life and his family is in the Dodge City area. If released, Defendant will live with his wife in Dodge City. Defendant is willing to relocate to Wichita. Defendant plans on obtaining employment to care for his family.

Prior to his arrest, Defendant operated a car dealership. Defendant previously worked at National Beef for several years. According to the bond report, Kansas Department of Revenue pulled Defendant's dealer license and seized 31 cars from his dealership. Defendant does not have an extensive criminal record. Defendant was charged with the sale of opiates as a minor and has had one speeding ticket.

Defendant's family ties to Kansas suggest that he is not a flight risk. This factor weighs against detention.

**D. Danger to the Community**

Based upon the evidence proffered at the hearing and the record before the court, the court finds that Defendant has met his burden to rebut the presumption that he is a flight risk. Before releasing Defendant on any set of conditions, the court must be satisfied that Defendant will not pose a danger to any other person or to the community. *See* 18 U.S.C. § 3142(b). "The concern about safety is to be given a broader construction than the mere danger of physical violence…." *United States v. Gilliard*, 722 F. App'x 818, 821 (10th Cir. 2018) (citing *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). The court finds that the Government has established by

5

clear and convincing evidence that there are no conditions of release which will ensure the safety of the community. 18 U.S.C. § 3142(f)(2)(B) (facts regarding safety of the community must be supported by clear and convincing evidence.)

Defendant has been charged with distribution of large quantities of methamphetamine. This supports a finding of danger to the community. *See United States v. Pina-Aboite*, 97 F. App'x 832, 2004 WL 1053235, *3 (10th Cir. 2004) (large quantity of methamphetamine supported finding that Defendant would continue to engage in drug trafficking). Moreover, based on the testimony at the hearing, some of these transactions occurred at Defendant's home. Defendant has two young children in his home. Also, the testimony was that the confidential source observed cocaine and marijuana in Defendant's home in addition to the methamphetamine. Based on this testimony, the court finds that this creates a danger to Defendant's young children. This also indicates that Defendant is involved in, at a minimum, possession of drugs other than methamphetamine.

Ongoing drug trafficking presents a serious danger to the community. Additionally, Defendant presents a danger to young children when he traffics large quantities of methamphetamine in his home and possesses other drugs in his home.

**IV.     Conclusion**

Based upon the court's de novo review of the record, the court concludes that there are no set of conditions of release which will protect the community from the danger of additional drug trafficking crimes. The government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would assure the safety of others and the community if Defendant were released pending trial.

The government's motion is accordingly GRANTED.  (Doc. 20.)  Magistrate Judge Gale's order is hereby REVOKED.  (Doc. 18.)

IT IS SO ORDERED this 7th day of November, 2019.

                                                        s/ John W. Broomes
                                                        JOHN W. BROOMES
                                                        UNITED STATES DISTRICT JUDGE