IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 19-10131-JWB

DANNY DEL REAL,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reopen detention hearing. (Doc. 44.) The motion is fully briefed. (Doc. 45.) For the reasons stated herein, the motion (Doc. 44) is DENIED.

**I. Background**

On September 4, 2019, Defendant was indicted pursuant to 21 U.S.C. § 841. A superseding indictment was returned on October 9, 2019. The superseding indictment as to Defendant includes seven counts of distribution of methamphetamine.

On October 2, Defendant appeared before Magistrate Judge Gale for a detention hearing. After hearing the proffers from the government and Defendant, Magistrate Judge Gale denied the government's motion for detention and entered an order setting conditions of release. (Doc.18.) The government appealed the release order. (Doc. 20.) This court held an evidentiary hearing on November 6. The evidence at the hearing included testimony from an agent regarding large controlled purchases of methamphetamine from Defendant in Dodge City, Kansas. After reviewing the statutory factors, the court found that there were no set of conditions of release that

would protect the community if Defendant was released.  The court ordered Defendant detained pending trial.  (Doc. 33.)

Defendant now moves to reopen the detention hearing on the basis that there are confirmed cases of COVID-19 in Butler County, Kansas.  Defendant is currently detained in the Butler County Jail.  The government opposes the motion.

## II.  Standards

Under the Bail Reform Act of 1984, the detention hearing may be reopened if the court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

## III.  Analysis

In his motion, Defendant states that there has been a recent outbreak of the coronavirus (COVID-19) in the district.  Due to the current health crisis that COVID-19 presents, this court has entered several administrative orders to protect the public and defendants.  Those orders include the suspension of all nonemergency criminal hearings so that court employees, the parties, and the attorneys, can reduce the risk of the transmission of the virus.  While this information is new, "[section] 3142(f) requires more than simply new information. It also requires that the new information must have a 'material bearing' on whether conditions of release 'will reasonably assure the appearance of such person as required and the safety of any other person and the community."  *United States v. Calvert*, No. 19-40068-03-HLT, 2020 WL 1847754, at *2 (D. Kan. Apr. 13, 2020) (citing § 3142(f)) (finding COVID-19 is not new information sufficient to warrant reopening detention hearing).

Defendant simply makes the conclusory statement that this new information "has a material bearing on the issues as to whether there are conditions of release that will reasonably assure the appearance of such person and the safety of any other person and the community." (Doc. 44 at 1.) However, Defendant makes no further argument as to how the virus has a bearing on this court's finding regarding danger to the community by Defendant's criminal conduct.  This court has determined that Defendant's large methamphetamine transactions are dangerous to the community and that no conditions of release would assure the safety of the community.  Although the virus is new information, it does not materially change or impact the previous ruling regarding dangerousness to the community.  "A defendant's concerns about contracting COVID-19 ha[s] no bearing, much less a 'material bearing on the issue of the defendant's risk of flight or whether he posed a danger to the community.'"  *Calvert*, 2020 WL 1847754, at *2 (quoting *United States v. Graham*, No. 19-cr-185(2), 2020 WL 1685912, at *5 (D. Minn. Apr. 7, 2020)).  "The governing legal standard 'is *not* ... the harms that his incarceration would cause (however substantial)' because the court must evaluate 'the danger' that 'would be posed *by the person's release*.'" *Id.* (citation omitted) (emphasis in original).

Moreover, although the virus may be present in Butler County, Kansas, Defendant does not suggest that the virus is currently present in the Butler County Jail.  Based on information provided to the court, Butler County Jail is required to inform the United States Marshals Service ("USMS") promptly of any confirmed cases of COVID-19 in the jail.  In turn, the USMS would immediately inform the court of any such cases.  At this time, the court has not been informed that there are any positive cases of COVID-19 in the jail.  Therefore, while there may be confirmed cases in Butler County, Kansas, there is no evidence or suggestion of any cases in the Butler

County Jail.  The court also notes that the jail is taking significant steps, as set forth in the government's response, to protect inmates from the virus.

Defendant has failed to meet the standard to reopen the detention hearing as he has not presented any new information that would materially influence the court's decision concerning detention.  *Calvert*, 2020 WL 1847754, at *2, 6; *United States v. Schneider*, No. 07-10234-01-MLB, 2008 WL 11396795, at *4 (D. Kan. Apr. 21, 2008).

**IV. Conclusion**

Defendant's motion (Doc. 44) to reopen the detention hearing is DENIED.

IT IS SO ORDERED this 24th day of April, 2020.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE